UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JOHN DAVID MCMILLAN, JOHN D. PICKETT, and JENNIFER D. MCMILLAN, as Next of Kin of Donna McMillan, | ) ) ) ) | | |
| Plaintiffs, | ) ) | | |
| v. | ) ) | No. | 3:10-CV-194 (VARLAN/SHIRLEY) |
| JANSSEN PHARMACEUTICA, INC, *et al.*, | ) ) | | |
| Defendants. | ) | | |

# MEMORANDUM OPINION

Pending before the Court is the Motion for Summary Judgment [Doc. 25] submitted by defendants AZLA Corporation ("AZLA") and Ortho-McNeil-Janssen Pharmaceuticals, Inc. (formerly known as Janssen Pharmaceutica Inc. and improperly sued as Janssen, L.P.) ("OMJPI"). Plaintiffs failed to respond to the motion, and the time for doing so has passed. *See* E.D. TN. LR 7.1(a), 7.2. For reasons explained below, the Court will grant defendants' motion.

## I. Background

Plaintiffs John David McMillan, John D. Pickett, and Jennifer D. McMillan, each individually and as the next of kin of Donna McMillan, commenced this action on May 3, 2010 [Doc. 1]. Plaintiffs allege that Donna McMillan died on June 1, 2005 as a result of using a defective prescription pain patch [*Id.*]. Plaintiffs assert claims for negligence, strict

product liability, failure to warn, breach of express and implied warranties, negligent misrepresentation, and fraud and deceit [Doc. 1].

Although the patch identified in the complaint as the one used by Donna McMillan is the "Fentanyl Transdermal System," defendant AZLA manufactures the Duragesic® fentanyl patch ("Duragesic"), a prescription drug approved by the Food and Drug Administration ("FDA"), as well as its authorized generic, the Sandoz Fentanyl Transdermal System ("Sandoz"), and defendant OMJPI distributes Duragesic [Docs. 1, 26]. Duragesic and Sandoz are required by the FDA to bear an expiration date, and the expiration date for each is two years from the date of manufacture [*Id.*]. The products are packaged individually in foil pouches and then placed in cartons, which contain five pouches total, which are distributed for sale and use [*Id.*]. The individual pouches and the cartons bear the expiration date [*Id.*].

Defendants answered the complaint [Doc. 6] and now move the Court for summary judgment as a matter of law on the basis of the one-year statute of repose codified in the Tennessee Product Liability Act of 1978 at Tenn. Code Ann. § 29-28-103(a).

## II.     Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir.

1993). The Court views the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp., Inc.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Catrett*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Id.* at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Liberty Lobby*, 477 U.S. at 250.

**III.    Analysis**

The Tennessee Product Liability Act of 1978 contains the statute of repose which requires that an action against a manufacturer or seller of a product for injuries must be brought within a certain time. Tenn. Code Ann. § 29-28-103(a). Indeed, it is an "absolute time limit" within which any product liability claim must be filed. *Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 886 (W.D. Tenn. 1999).

The statute of repose applies to product liability actions "brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product."[1] Tenn. Code Ann. § 29-28-102(6). In particular, the statute states:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

---

[1] "'Product liability action' includes, but is not limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever." Tenn. Code Ann. § 29-28-102(6).

Tenn. Code Ann. § 29-28-103(a). "The anticipated life of a product shall be determined by the expiration date placed on the product by the manufacturer when required by law but shall not commence until the date the product was first purchased for use or consumption." Tenn. Cod. Ann. § 29-28-102(1).

It is unclear on what date the product at issue was first purchased for use by Donna McMillan; accordingly, for purposes of determining the "anticipated life of the product," the Court will assume that it was purchased for use on the date of Donna McMillan's death, that is, June 1, 2005 [Doc. 26-2]. As the products manufactured and distributed by defendants bear a two-year expiration date [*see* Doc. 26], the anticipated life of the product at issue commenced on June 1, 2005 and expired two years after such date, that is, June 1, 2007.

Pursuant to Tenn. Code Ann. § 29-28-103(a), plaintiffs were required to bring this lawsuit within one year after June 1, 2007, or, June 1, 2008, as such time is shorter than ten years from the date on which the product was first purchased for use (*i.e.*, June 1, 2015).[2] Plaintiffs, however, filed the complaint on May 3, 2010, nearly two years after this date. Accordingly, plaintiffs' action is barred by the statute of repose. *See Montgomery v. Wyeth*, 580 F.3d 455 (6th Cir. 2009) (affirming summary judgment for defendant pharmaceutical manufacturer where plaintiff last ingested a diet drug in September 1997, the drug expired three years after manufacture, and plaintiff brought suit in 2005).

---

[2] As it is undisputed that Donna McMillan was 44 years of age at the time her death, the exception set forth in Tenn. Code Ann. § 29-28-103(a) for minors does not apply.

5

## IV. Conclusion

For the reasons set forth above, and in light of plaintiffs' failure to file a response in opposition, the Court will **GRANT** defendants' Motion for Summary Judgment [Doc. 26]. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

                                          s/ Thomas A. Varlan
                                          UNITED STATES DISTRICT JUDGE